IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JINA L. DANIELS, on behalf of R.S.,

             Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

             Defendant.

Civil Action No.
1:11-CV-0332 (DEP)

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFF: | |
| MARGOLIUS LAW OFFICE<br>7 Howard Street<br>Catskill, NY 12414 | PETER M. MARGOLIUS, ESQ. |
| FOR DEFENDANT: | |
| HON. RICHARD S. HARTUNIAN<br>United States Attorney for the<br>Northern District of New York<br>P.O. Box 7198<br>100 S. Clinton Street<br>Syracuse, NY 13261-7198 | ELIZABETH ROTHSTEIN, ESQ.<br>Special Assistant U.S. Attorney |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Currently pending in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was conducted in connection with those motions on February 29, 2012 during a telephone conference at which a court reporter was also present.  At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in her appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by

---

[1]  This matter has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003.  Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff's infant son, R.S., was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is directed to enter judgment, based upon this determination, dismissing plaintiff's complaint in its entirety.

/s/ David E. Peebles
David E. Peebles
U.S. Magistrate Judge

Dated:   March 6, 2012
         Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------x
JINA L. DANIELS, on behalf of R.S.,

                    Plaintiff,

vs.                                   11-CV-332

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
------------------------------------------x
```

Transcript of *Telephone Conference (Decision)* held on February 29, 2012, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, Magistrate-Judge, Presiding.

A P P E A R A N C E S

| | |
|---|---|
| For Plaintiff: | PETER M. MARGOLIUS<br>Attorneys at Law<br>7 Howard Street<br>Catskill, New York 12414 |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>Office of Regional General Counsel<br>26 Federal Plaza<br>New York, New York 10278<br>  BY:  ELIZABETH D. ROTHSTEIN, ESQ. |

*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13260*
*(315)234-8546*

1           THE COURT:  Okay.  Well, I appreciate
2  excellent briefing on both sides and I appreciate the oral
3  argument.  You both are very obviously conversant with the
4  facts and the record before the Court.
5           This matter stems from an application filed on
6  behalf of R.S., an infant who was born in December of 2001,
7  for Supplemental Security Income, or SSI, benefits under the
8  Act.  The application resulted in a denial of benefits both
9  initially and following a hearing, and additionally following
10 review by the Social Security Administration appeals counsel,
11 and now plaintiff seeks review of that determination pursuant
12 to Section 205(g) of the Social Security Act of 42, United
13 States Code, Section 405(g).
14          As you know, an SSI application on behalf of
15 an infant is governed by the Personal Responsibility and Work
16 Opportunity Reconciliation Act of 1996, which put in place a
17 standard which is similar to, but slightly deviant from, the
18 typical five step analysis that ordinarily applies to
19 disability claims.
20          Obviously, my role is to determine whether
21 that standard was properly applied and whether the result is
22 supported by substantial evidence in the record.
23          Going through the analysis, the Administrative
24 Law Judge initially found, of course, that the plaintiff had
25 not engaged in substantial gainful activity and that

1           THE COURT:  Okay.  Well, I appreciate
2  excellent briefing on both sides and I appreciate the oral
3  argument.  You both are very obviously conversant with the
4  facts and the record before the Court.
5           This matter stems from an application filed on
6  behalf of R.S., an infant who was born in December of 2001,
7  for Supplemental Security Income, or SSI, benefits under the
8  Act.  The application resulted in a denial of benefits both
9  initially and following a hearing, and additionally following
10 review by the Social Security Administration appeals counsel,
11 and now plaintiff seeks review of that determination pursuant
12 to Section 205(g) of the Social Security Act of 42, United
13 States Code, Section 405(g).
14          As you know, an SSI application on behalf of
15 an infant is governed by the Personal Responsibility and Work
16 Opportunity Reconciliation Act of 1996, which put in place a
17 standard which is similar to, but slightly deviant from, the
18 typical five step analysis that ordinarily applies to
19 disability claims.
20          Obviously, my role is to determine whether
21 that standard was properly applied and whether the result is
22 supported by substantial evidence in the record.
23          Going through the analysis, the Administrative
24 Law Judge initially found, of course, that the plaintiff had
25 not engaged in substantial gainful activity and that

1  certainly does not appear to be very controversial.
2              The Administrative Law Judge then next
3  determined that the claimant, the infant R.S., suffers from
4  severe impairments, including speech delay, learning delay
5  and attention deficit/hyperactivity disorder, which I will
6  call ADHD because I have a hard time pronouncing the entire
7  term.  And, again, for purposes of step two, that does not
8  seem to be terribly controversial, although I will note in
9  Dr. Hartman's report the diagnosis of ADHD was provisional
10 only.
11             The ALJ then went on to state without analysis
12 that the claimant's impairments either singly or in
13 combination do not meet or medically equal any of the list of
14 impairments.  Unfortunately, as plaintiff has pointed out,
15 the ALJ did not elaborate, nor did the ALJ even indicate what
16 listings were considered.
17             Obviously, in this case it's fairly simple to
18 conclude that the listing in question is listing 112.11,
19 which governs attention deficit/hyperactivity disorder.  I
20 think the clear better practice would have been for the ALJ
21 to both indicate what listings he considered and rejected and
22 also to provide a rationale for the rejection.
23             However, at least in this circuit it is fairly
24 clear that so long as it is apparent from the ALJ's decision
25 as a whole what his or her rationale was, and of course

assuming it is supported by substantial evidence, it is not a fatal error that he or she did not go through the analysis at that step.

The cases which were of course cited by defendant's counsel that stand for that proposition include *Berry versus Schweiker* at 675 F.2d, 464, and also an unreported decision that relies on *Berry*; *Salmini*, S-A-L-M-I-N-I, *v. Commissioner of Social Security*. It is published at 371 Fed.Appx. 109, 2010 Westlaw, 1170133.

In this case to me it is clear that the ALJ considered and then rejected the listing 112.11, and I find substantial evidence to support that rejection. I did not find any evidence from which one could conclude that the claimant in this case suffered from marked inattention, marked impulsiveness, and marked hyperactivity, meaning one would have to meet all three of those and have marked deficits in those three areas, and additionally would have to meet the age appropriate criteria of listing 112.02. And it's clear to me for the reasons that I'm going to elaborate with regard to the next step, functional equivalence, that he does not.

So, the ALJ then moved to functional equivalence, and I find that his conclusions are well supported. We are dealing with an infant who has never been psychiatrically hospitalized, has no history of outpatient

1  mental health services, is, granted, listed as disabled by
2  the Committee on Special Education at his school; however, he
3  is classified only as suffering from speech and language
4  impairments and he is in regular classes with the exception
5  that he receives forty minutes a day of resource room special
6  education support and speech therapy for thirty minutes three
7  times per week.
8              The report of Dr. Hartman who examined the
9  claimant suggests that he has mild difficulty attending to,
10 following and understanding age appropriate directions.  He
11 is likely to have some difficulty completing age appropriate
12 tasks given his attention deficits.  He finds that he would
13 be likely delayed in certain key areas in learning in
14 accordance with his age group.  He finds that he has a fair
15 ability to maintain appropriate social behavior with peers
16 and adults.  He has mild difficulty responding appropriately
17 to changes in his environment.  He has mild difficulty asking
18 questions and requesting assistance in an age appropriate
19 manner.  And has mild problems detecting danger and taking
20 necessary precautions.
21             He provisionally, as I indicated previously,
22 diagnosed the plaintiff as suffering, or claimant, I should
23 say, suffering from ADHD, as well as a communication
24 disorder, and notably recommended that R.S. continue in his
25 current educational placement with remedial services where

1   necessary.
2           I have also carefully reviewed the reports of
3   R.S.'s teachers and the non-examining consultative report of
4   Dr. D'Ambrocia, which with the exception of a marked
5   limitation discerned in the area, the domain area of
6   acquiring and using information, does not indicate any
7   marked, other marked limitations and there are no extreme
8   limitations noted.  So, in my view the Commissioner's
9   determination that the functional equivalence to listing
10  112.11 has not been established is supported by substantial
11  evidence.
12          So, in conclusion, I find that the
13  Commissioner's determination resulted from the proper
14  application of appropriate legal principles and is supported
15  by substantial evidence.
16          So, I will grant defendant's motion for
17  judgment on the pleadings, deny plaintiff's motion for
18  judgment on the pleadings, and affirm the Commissioner's
19  determination.
20          I will issue an order to that effect
21  memorializing this oral ruling which will be transcribed by
22  the court reporter who is present today.  Again, I appreciate
23  the participation on the part of both counsel and I hope you
24  have a good afternoon.
25          MR. MARGOLIUS:  Thank you for your time, Your

1  Honor.
2              MS. ROTHSTEIN:  Thank you, Your Honor.
3              THE COURT:  Thank you.
4                    *              *         *
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

C E R T I F I C A T I O N

       I, EILEEN MCDONOUGH, RPR, CRR, Official Court Reporter in and for the United States District Court, Northern District of New York, DO HEREBY CERTIFY that I attended the foregoing proceedings, took stenographic notes of the same, and that the foregoing is a true and correct transcript thereof.

_____
EILEEN MCDONOUGH, RPR, CRR
Official U.S. Court Reporter