IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JINA L. DANIELS, on behalf of R.S.,

                    Plaintiff,

                                        Civil Action No.
        v.                              1:11-CV-0332 (DEP)

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

_____

APPEARANCES:                       OF COUNSEL:

FOR PLAINTIFF:

MARGOLIUS LAW OFFICE               PETER M. MARGOLIUS, ESQ.
7 Howard Street
Catskill, NY 12414

FOR DEFENDANT:

HON. RICHARD S. HARTUNIAN          ELIZABETH ROTHSTEIN, ESQ.
United States Attorney for the     Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

DECISION AND ORDER

Currently pending in this action, in which plaintiff seeks judicial

review of an adverse administrative determination by the Commissioner,

pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the

pleadings.[1]  Oral argument was conducted in connection with those

motions on February 29, 2012 during a telephone conference at which a

court reporter was also present.  At the close of argument I issued a

bench decision in which, after applying the requisite deferential review

standard, I found that the Commissioner's determination resulted from the

application of proper legal principles and is supported by substantial

evidence, providing further detail regarding my reasoning and addressing

the specific issues raised by the plaintiff in her appeal.

After due deliberation, and based upon the court's oral bench

decision, a transcript of which is attached and incorporated herein by

---

[1]     This matter has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003.  Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

reference, it is hereby

ORDERED, as follows:

1)     Defendant's motion for judgment on the pleadings is GRANTED.

2)     The Commissioner's determination that plaintiff's infant son, R.S., was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3)     The clerk is directed to enter judgment, based upon this determination, dismissing plaintiff's complaint in its entirety.


_____
David E. Peebles
U.S. Magistrate Judge

Dated:      March 6, 2012
            Syracuse, NY

3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
JINA L. DANIELS, on behalf of R.S.,

                    Plaintiff,

vs.                                 11-CV-332

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
-------------------------------------------x

            Transcript of *Telephone Conference (Decision)*

held on February 29, 2012, at the James Hanley Federal

Building, 100 South Clinton Street, Syracuse, New York,

the HONORABLE DAVID E. PEEBLES, Magistrate-Judge, Presiding.

            A P P E A R A N C E S

For Plaintiff:      PETER M. MARGOLIUS
                    Attorneys at Law
                    7 Howard Street
                    Catskill, New York 12414

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of Regional General Counsel
                    26 Federal Plaza
                    New York, New York 10278
                      BY:  ELIZABETH D. ROTHSTEIN, ESQ.

                  *Eileen McDonough, RPR, CRR*
            *Official United States Court Reporter*
                    *100 South Clinton Street*
                    *Syracuse, New York 13260*
                        *(315)234-8546*

2

1          THE COURT:  Okay.  Well, I appreciate

2   excellent briefing on both sides and I appreciate the oral

3   argument.  You both are very obviously conversant with the

4   facts and the record before the Court.

5              This matter stems from an application filed on

6   behalf of R.S., an infant who was born in December of 2001,

7   for Supplemental Security Income, or SSI, benefits under the

8   Act.  The application resulted in a denial of benefits both

9   initially and following a hearing, and additionally following

10  review by the Social Security Administration appeals counsel,

11  and now plaintiff seeks review of that determination pursuant

12  to Section 205(g) of the Social Security Act of 42, United

13  States Code, Section 405(g).

14             As you know, an SSI application on behalf of

15  an infant is governed by the Personal Responsibility and Work

16  Opportunity Reconciliation Act of 1996, which put in place a

17  standard which is similar to, but slightly deviant from, the

18  typical five step analysis that ordinarily applies to

19  disability claims.

20             Obviously, my role is to determine whether

21  that standard was properly applied and whether the result is

22  supported by substantial evidence in the record.

23             Going through the analysis, the Administrative

24  Law Judge initially found, of course, that the plaintiff had

25  not engaged in substantial gainful activity and that

1    certainly does not appear to be very controversial.

2              The Administrative Law Judge then next

3    determined that the claimant, the infant R.S., suffers from

4    severe impairments, including speech delay, learning delay

5    and attention deficit/hyperactivity disorder, which I will

6    call ADHD because I have a hard time pronouncing the entire

7    term.  And, again, for purposes of step two, that does not

8    seem to be terribly controversial, although I will note in

9    Dr. Hartman's report the diagnosis of ADHD was provisional

10   only.

11             The ALJ then went on to state without analysis

12   that the claimant's impairments either singly or in

13   combination do not meet or medically equal any of the list of

14   impairments.  Unfortunately, as plaintiff has pointed out,

15   the ALJ did not elaborate, nor did the ALJ even indicate what

16   listings were considered.

17             Obviously, in this case it's fairly simple to

18   conclude that the listing in question is listing 112.11,

19   which governs attention deficit/hyperactivity disorder.  I

20   think the clear better practice would have been for the ALJ

21   to both indicate what listings he considered and rejected and

22   also to provide a rationale for the rejection.

23             However, at least in this circuit it is fairly

24   clear that so long as it is apparent from the ALJ's decision

25   as a whole what his or her rationale was, and of course

1   assuming it is supported by substantial evidence, it is not a

2   fatal error that he or she did not go through the analysis at

3   that step.

4            The cases which were of course cited by

5   defendant's counsel that stand for that proposition include

6   *Berry versus Schweiker* at 675 F.2d, 464, and also an

7   unreported decision that relies on *Berry*; *Salmini*,

8   S-A-L-M-I-N-I, *v. Commissioner of Social Security*.  It is

9   published at 371 Fed.Appx. 109, 2010 Westlaw, 1170133.

10           In this case to me it is clear that the ALJ

11  considered and then rejected the listing 112.11, and I find

12  substantial evidence to support that rejection.  I did not

13  find any evidence from which one could conclude that the

14  claimant in this case suffered from marked inattention,

15  marked impulsiveness, and marked hyperactivity, meaning one

16  would have to meet all three of those and have marked

17  deficits in those three areas, and additionally would have to

18  meet the age appropriate criteria of listing 112.02.  And

19  it's clear to me for the reasons that I'm going to elaborate

20  with regard to the next step, functional equivalence, that he

21  does not.

22           So, the ALJ then moved to functional

23  equivalence, and I find that his conclusions are well

24  supported.  We are dealing with an infant who has never been

25  psychiatrically hospitalized, has no history of outpatient

5

1   mental health services, is, granted, listed as disabled by

2   the Committee on Special Education at his school; however, he

3   is classified only as suffering from speech and language

4   impairments and he is in regular classes with the exception

5   that he receives forty minutes a day of resource room special

6   education support and speech therapy for thirty minutes three

7   times per week.

8          The report of Dr. Hartman who examined the

9   claimant suggests that he has mild difficulty attending to,

10  following and understanding age appropriate directions.  He

11  is likely to have some difficulty completing age appropriate

12  tasks given his attention deficits.  He finds that he would

13  be likely delayed in certain key areas in learning in

14  accordance with his age group.  He finds that he has a fair

15  ability to maintain appropriate social behavior with peers

16  and adults.  He has mild difficulty responding appropriately

17  to changes in his environment.  He has mild difficulty asking

18  questions and requesting assistance in an age appropriate

19  manner.  And has mild problems detecting danger and taking

20  necessary precautions.

21          He provisionally, as I indicated previously,

22  diagnosed the plaintiff as suffering, or claimant, I should

23  say, suffering from ADHD, as well as a communication

24  disorder, and notably recommended that R.S. continue in his

25  current educational placement with remedial services where

1   necessary.

2               I have also carefully reviewed the reports of

3   R.S.'s teachers and the non-examining consultative report of

4   Dr. D'Ambrocia, which with the exception of a marked

5   limitation discerned in the area, the domain area of

6   acquiring and using information, does not indicate any

7   marked, other marked limitations and there are no extreme

8   limitations noted.  So, in my view the Commissioner's

9   determination that the functional equivalence to listing

10  112.11 has not been established is supported by substantial

11  evidence.

12              So, in conclusion, I find that the

13  Commissioner's determination resulted from the proper

14  application of appropriate legal principles and is supported

15  by substantial evidence.

16              So, I will grant defendant's motion for

17  judgment on the pleadings, deny plaintiff's motion for

18  judgment on the pleadings, and affirm the Commissioner's

19  determination.

20              I will issue an order to that effect

21  memorializing this oral ruling which will be transcribed by

22  the court reporter who is present today.  Again, I appreciate

23  the participation on the part of both counsel and I hope you

24  have a good afternoon.

25              MR. MARGOLIUS:  Thank you for your time, Your

1  Honor.

2                    MS. ROTHSTEIN:   Thank you, Your Honor.

3                    THE COURT:   Thank you.

4                         *              *           *

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T I O N


I, EILEEN MCDONOUGH, RPR, CRR, Official Court Reporter in and for the United States District Court, Northern District of New York, DO HEREBY CERTIFY that I attended the foregoing proceedings, took stenographic notes of the same, and that the foregoing is a true and correct transcript thereof.


_____

EILEEN MCDONOUGH, RPR, CRR
Official U.S. Court Reporter